WILLIAM D. TEMKO (State Bar No. 098858)
PATRICK J. CAFFERTY, JR. (State Bar No. 103417)
HOJOON HWANG (State Bar No. 184950)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
SHELL OIL COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC GAS and ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE M. LANGE DISTRIBUTOR, INC., JOHN R. CROWSTON, REBECCA CROWSTON, CENTER LAND CO., INC., CENTER LAND CO. OF TEXAS, INC., MICHAEL R. CURRY, SHELL OIL COMPANY, and DOES 1 THROUGH 100,<br><br>Defendants. | CASE NO. 2:05-CV-01180 DFL/KJM<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT SHELL OIL COMPANY TO DISMISS SECOND CAUSE OF ACTION AND TO STRIKE CERTAIN PORTIONS OF COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 28, 2005<br>Time: 10:00 a.m.<br>Dept: 7<br><br>The Honorable David F. Levi |

| 1 | PLEASE TAKE NOTICE THAT on Wednesday, September 28, 2005, at
| 2 | 10:00 A.M. in Courtroom 7 of the United States District Court, Eastern District of California,
| 3 | located at 501 "I" Street, Suite 4-200, Sacramento, California 95814, defendant Shell Oil
| 4 | Company will and hereby does move the Court for a order to dismiss the second cause of action
| 5 | and to strike certain portions of the Complaint for Damages and Injunctive Relief ("Complaint").
| 6 | The portions of the Complaint that Shell seeks to strike are: (1) the second sentence in Paragraph
| 7 | 5 of the Complaint (Complaint 2:14-17); (2) Paragraph 18 of the Complaint; (3) the words "and
| 8 | restitution" in the first line of Paragraph 104 of the Complaint (Complaint 19:25; (4) the second
| 9 | sentence of Paragraph 2 of the Prayer for Relief (Complaint 22:25 to 23:1). This motion is based
| 10 | on this Notice, the attached Memorandum of Points and Authorities, the Complaint on file in this
| 11 | action, and such other and further matter as may be presented in a reply memorandum or at the
| 12 | hearing on the motion.

Respectfully submitted,

DATED: August 12, 2005        MUNGER, TOLLES & OLSON LLP
                              PATRICK J. CAFFERTY
                              HOJOON HWANG

By: _____
        HOJOON HWANG

1118152.2

MEMO OF P&A IN SUPPORT OF MOTION
TO STRIKE   2:05-CV-01180 DFL/KJM

# MEMORANDUM OF POINTS & AUTHORITIES TO DISMISS SECOND CAUSE OF ACTION AND TO STRIKE CERTAIN PORTIONS OF COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## I. INTRODUCTION

This case involves a claim by Pacific Gas and Electric ("PG and E") that the soil and groundwater beneath certain property it owns in Chico, California contains petroleum hydrocarbons emanating from a "petroleum and Stoddard solvent bulk storage facility" located across the street from PG and E's property. Complaint For Damages & Injunctive Relief ("Complaint") ¶¶ 19, 20. PG and E alleges that the bulk storage facility is currently owned and operated by Jesse M. Lange Distributor, Inc. ("Lange"). Complaint ¶¶ 6, 7. PG and E further alleges that the California Regional Water Quality Control Board ("Regional Board") issued a cleanup and abatement order to Lange in 1999 requiring the cleanup of the petroleum hydrocarbons that PG and E alleges have migrated beneath its site and that Lange has failed to comply with the terms of that order. Complaint ¶ 28. Indeed, PG and E alleges that "[o]n May 17, 2005, the [Regional] Board did send to Lange a notice of administrative civil liability complaint seeking a penalty" for Lange's alleged failure to comply with the cleanup and abatement order. Complaint ¶ 29.

The complaint alleges eleven separate causes of action – ten substantive claims and one claim for declaratory relief. The ten substantive claims include one claim alleged under federal law (the First Cause of Action, which is a "citizen suit" claim under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972; Complaint ¶¶ 32-39) and nine separate claims under California statutory and common law. The two California statutory claims are alleged under California Proposition 65, California (Cal.) Health & Safety Code (HSC) § 25249.5 *et seq.* (the Second Cause of Action; Complaint ¶¶ 40-45), and under the general California Unfair Competition Law, Cal. Business and Professions Code ("B&P") § 17200 *et seq*, (the Ninth Cause of Action; Complaint ¶¶ 102-05). PG and E seeks civil penalties and injunctive relief in connection with its Proposition 65 claim and seeks civil penalties, restitution, and injunctive relief in connection with its B&P § 17200 claim.

In an apparent attempt to hold defendant Shell Oil Company ("Shell") liable for the actions of Lange, PG and E alleges "[o]n information and belief" that "defendant LANGE . . . was an alter ego of SHELL and that SHELL was aware of and approved those actions of LANGE and the Other Defendants which form the basis of PG and E's claims." Complaint ¶ 5. PG and E further alleges "[o]n information and belief . . . that each of The Defendants was the agent of the Other Defendants, and that each of The Defendants ratified the acts and omissions of the Other Defendants as set forth herein."[1] Complaint ¶ 18.

In this motion, Shell first requests that the Court dismiss the Proposition 65 claims alleged in the Second Cause of Action because both the civil penalty and injunctive relief claims are barred by the applicable statutes of limitations under California law. Second, Shell requests that the demand for civil penalties and restitution under the B&P § 17200 claim be stricken because neither remedy is available in this case. Finally, Shell requests that the "alter ego" and "everyone is everyone else's agent" allegations be stricken because neither allegation has any legal significance and both are, therefore, "immaterial" and "impertinent" within the meaning of Rule 12(f) of the Federal Rules of Civil Procedure.

## II. ARGUMENT

### A. The Proposition 65 Claim Alleged In The Second Cause Of Action Should Be Dismissed Because All Relief Sought In That Claim Is Barred By The Applicable Statute of Limitations Under California Law.

In the Second Cause of Action, PG and E alleges that Shell (and the other "business" defendants) violated the Proposition 65 discharge prohibition in HSC § 25249.5 which provides:

> No person in the course of doing business shall knowingly discharge or release a chemical known to the state to cause cancer

---

[1] PG and E further alleges, "[o]n information and belief", that "the original tank farm facility was constructed, operated, and maintained by SHELL", that Shell "[owned the Lange] real property with improvements thereon . . . . during a period of time during which SHELL and LANGE conducted operations thereon which form the basis of PG and E's claims," and that "defendant SHELL is a current or former owner and/or operator of the [Lange] tank farm." Complaint ¶¶ 6, 8, 14. Coupled with the "alter ego" and "everyone is everyone else's agent" allegations, these vague, conclusory, and contradictory allegations fail to provide Shell with sufficient information to allow Shell to respond to the Complaint. Consequently, Shell is also filing a parallel motion for a more definite statement.

> or reproductive toxicity into water or onto or into land where such
> chemical passes or probably will pass into any source of drinking
> water, notwithstanding any other provision or authorization of law
> except as provided in Section 25249.5.

The centerpiece of PG and E's Proposition 65 claim is its allegation in Paragraph 43 that "on or before 1995, [Defendants] knowingly and continuously have discharged and released petroleum products into the soil of the [Lange bulk terminal facility] where these products are migrating and have migrated through the groundwater and into the soil underlying PG and E's Midway property." Based on this allegation, PG and E seeks civil penalties under HSC § 25249.7(b) against Shell and the other "business" defendants as well as injunctive relief pursuant to HSC § 25249.7(a). Complaint ¶¶ 44, 45.

The underlying premise of PG and E's claims is that the alleged migration of petroleum hydrocarbons discharged "on or before 1995" somehow constitutes a "continuing" discharge in violation of Section 25249.5. This position was flatly rejected by the California Court of Appeal in *Consumer Advocacy Group, Inc. v. Exxon Mobil Corp.*, 104 Cal. App. 4th 438, 128 Cal. Rptr. 2d 454 (2002). After carefully reviewing the Proposition 65 ballot measure "history" and other pertinent materials, the Court of Appeal held:

> In sum, to return to the *only* issue posed by this appeal, "discharge or release" as used in section 25249.5 refers to a movement of chemicals from a confined space into the land or the water. The subsequent passive migration of chemicals through the soil or water after having been so discharged or released by a party does not constitute another discharge or release within the meaning of section 25249.5.

104 Cal. App. 4th at 450, 128 Cal. Rptr. 2d at 463.

Applying the *Consumer Advocacy Group* holding to this case, it is evident that the "discharges" of petroleum hydrocarbons that PG and E claims to be in violation of the Proposition 65 discharge prohibition occurred at least *ten years* ago. The California statute of limitations applicable to civil penalty claims under HSC § 25249.7(b) is the one year statute of limitations under California Code of Civil Procedure (CCP) § 340(a) which applies to "[a]n action upon a statute for a penalty of forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation" (which

Proposition 65 does not). The California statute of limitations applicable to claims for injunctive relief under HSC § 25249.7(a) is the three-year statute of limitations under California CCP § 338(a) which applies to "[a]n action upon a liability created by statute, other than a penalty or forfeiture". *See also Consumer Advocacy Group, supra*, 104 Cal. App. 4th at 442 n.4; 128 Cal. Rptr. 2d at 457 n.4 (stating that one year limitations period under California CCP § 340(a) applies to civil penalty claims and three year limitations period under California CCP § 338(a) applies to injunctive relief claims).

Based on the Court of Appeal's "discharge" holding in *Consumer Advocacy Group*, the "discharges" alleged by PG and E occurred "on or before 1995" and, therefore, PG and E's claim for civil penalties and for injunctive relief under Proposition 65 are both barred by the applicable statute of limitations. Consequently, this Court should dismiss PG and E's Second Cause of Action under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.

### B. PG and E's Claim For Civil Penalties And Restitution Under B&P §17200 Should Be Stricken Because Neither Remedy Is An Available Form Of Relief In This Case.

The California Unfair Competition Law is an amorphous statute that allows private plaintiffs to bring claims based on "any unlawful, unfair, or fraudulent business act or practice". B&P § 17200. In recent years, however, the Courts have sought to narrow the relief available to private plaintiffs.

First, B&P § 17206(a) provides that civil penalties "shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General, by any district attorney, by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, by any city attorney of a city, or city and county, having a population in excess of 750,000, with the consent of the district attorney, by a city prosecutor . . . or, with the consent of the district attorney, by a city attorney in any city and county, in any court of competent jurisdiction." Because only public prosecutors are authorized to seek civil penalties under Section 17206(a), the California Supreme Court has recognized that "[i]n a suit under the [Unfair Competition Law], a public prosecutor may collect

civil penalties, but a private plaintiff's remedies are 'generally limited to injunctive relief and restitution.'" *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950, 119 Cal. Rptr. 2d 296, 303-04 (2002).

In addition, the California Supreme Court has also recognized that there are significant limitations on the ability of a private plaintiff to obtain restitution under B&P §17203, which provides that a "court may make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Specifically, the California Supreme Court has held in a series of rulings that disgorgement of profits is not an available remedy in a Section 17200 action where plaintiff has no ownership interest or other vested interest in the "profits"—in short, the monetary relief must truly be restitutionary in nature. *Korea Supply Co. v Lockheed Martin Corp.*, 29 Cal. 4th 1134, 131, Cal. Rptr. 2d 29 (2003); *Kraus v. Trinity Mgmt. Servs.*, 23 Cal. 4th 116, 96 Cal. Rptr. 2d 485; *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 96 Cal. Rptr. 2d 518 (2000).

In its Prayer For Relief at paragraph 2, PG and E appears to seek the imposition of civil penalties under Cal. B&P § 17206[2] and an "order requiring disgorgement of all monies saved by [Defendants] by using PG & E's Midway property and the groundwater of the State of California as a disposal site for their wastes." PG and E's claim for civil penalties is plainly barred by section 17206 which, as interpreted by the California Supreme Court in *Kasky*, does not allow private parties to seek civil penalties. Moreover, the California Supreme Court decisions prohibiting disgorgement of profits likewise bar the disgorgement remedy sought by PG and E in this case.

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." As one commentator has noted,

---

[2] Paragraph 2 of the Prayer For Relief addresses remedies available under the Proposition 65 claims (Second Cause of Action) and the Cal. B&P § 17200 claims (Ninth Cause of Actions). That paragraph seeks civil penalties "for a period of four years." As discussed in the preceding section, civil penalties under Proposition 65 are subject to a one year statute of limitations, while civil penalties under B&P § 17206 are subject to a four year statute of limitations under B&P § 17208. Therefore, it appears that in Paragraph 2 PG and E is demanding civil penalties under both Proposition 65 and B&P § 17200. This is another example of the imprecision in PG and E's Complaint which requires the granting of Shell's parallel motion for a more definite statement.

"motions to strike requests for certain types of relief, such as punitive or compensatory damages, are generally granted if such relief is not recoverable under the applicable law." 2 *Moore's Federal Practice*, § 12.37(3) at 12-100.3 (and cases cited therein). In this case PG and E's demand for civil penalties under Section 17206 and for disgorgement under Section 17204 seek "relief [that] is not recoverable under the applicable law." As such, the Court should order that those portions of Paragraph 104 of the Complaint and Paragraph 2 of the Prayer For Relief in which such improper relief is requested be stricken.

C. **PG and E's "Alter Ego" Allegations Against Shell And Its General "Everyone Is Everyone Else's Agent" Allegations Should Be Stricken Because Neither Has Any Legal Significance In This Case And Both Are, Therefore, "Immaterial" And "Impertinent".**

PG and E has incorporated in its Complaint two allegations that are both "immaterial" and "impertinent"—the "alter ego" allegations in Paragraph 5 regarding Shell and the "everyone is everyone else's agent" allegation in Paragraph 18. These "immaterial" and "impertinent" allegations should be stricken under Rule 12(f).

First, with respect to the "alter ego" allegations, under California law an "alter ego" theory is also referred to as disregarding the "fiction" of a corporate entity or "piercing the corporate veil." 9 Witkin Summary of California Law, Corporations §§ 12, *et seq*. (9th ed. and 2004 Supplement). Not surprisingly, an "alter ego" theory is typically used to hold one or more individual shareholders liable for the actions of a corporation in which the shareholders own stock or to hold a parent corporation liable for the activities of a subsidiary corporation. *Id.* For example, in Paragraph 9 of the Complaint, PG and E seeks to hold the individual directors and officers (who presumably also are shareholders) of Central Land Co., Inc. and Center Land Co. of Texas liable on an "alter ego" theory for the alleged wrongful actions of those two corporate entities.[3]

The alter ego allegations regarding Shell do not involve any claim that there is any corporate parent/subsidiary or shareholder relationship whatsoever between Shell and Lange, nor

---

[3] Whether the vague and conclusory allegations regarding the individual directors and officers are sufficient to establish a valid "alter ego" theory is a question for another motion by those defendants.

could such a relationship truthfully be claimed. Under these circumstances, there is no basis for PG and E to plead an "alter ego" theory against Shell under California law. Paragraph 5 should, therefore, be stricken on the grounds that it is immaterial to any valid claims that could be raised in this case and is otherwise impertinent.

Moreover, the "alter ego" allegations in Paragraph 5 fail to allege any facts establishing that Shell had any control over the actions of Lange. In the absence of specific factual allegations establishing the requisite control over the corporation in question or specific allegations of other hallmarks of an "alter ego" situation (*e.g.*, co-mingling of assets or disregarding of corporate formalities), courts will not accept the mere assertion of alter ego status. *See Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1067 (C.D. Cal. 2002) (finding that, in the absence of explicit alter ego allegations such as co-mingling of assets, sharing of officers, control over finances, or similar arrangements, "the issue is not adequately raised, and [the defendant] was not put on notice that this was a theory against which it should be prepared to defend."); *Hokama v. E.F. Hutton & Company, Inc.*, 566 F. Supp. 636, 647 (C.D. Cal. 1983) ("If plaintiffs wish to pursue such a theory of liability, they must allege the elements of the doctrine. Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient."). Therefore, even if PG and E could allege a valid "alter ego" claim against Shell (which it cannot), the vague and conclusory allegations in Paragraph 5 are legally insufficient to do so and, for this additional reason, should be stricken as immaterial and impertinent.

Finally, the "everyone is the agent of everyone else" allegations in Paragraph 18 are also hopelessly vague and conclusory, alleging no facts at all to demonstrate that any defendant who is the agent of any other defendant, much less that each defendant is the agent of every other defendant. Thus, like the unsupported alter ego allegations in *Wady* and *Hokama*, the vague and conclusory "agent" allegations are legally insufficient to raise any valid liability issue. Consequently, Paragraph 18 is also immaterial and impertinent and should be stricken from the Complaint.[4]

---

[4] Shell is also filing a parallel motion for a more definite statement in which it argues that the

| | |
|---|---|
| 1 | **III.** <u>**CONCLUSION**</u> |
| 2 | For the reasons stated above, Shell's Motion To Dismiss Second Cause Of Action |
| 3 | And To Strike Certain Portions Of Complaint For Damages And Injunctive Relief should be |
| 4 | granted. |

DATED: August 12, 2005

MUNGER, TOLLES & OLSON LLP
WILLIAM D. TEMKO
PATRICK J. CAFFERTY, JR.
HOJOON HWANG

By: _____
HOJOON HWANG

Attorneys for Defendant
SHELL OIL COMPANY

---

"alter ego" and "everyone is everyone else's agent" allegations, as well as other allegations in the Complaint, are so vague that PG and E should be required to re-plead those allegations with sufficient specificity to allow Shell to respond to them.