THOMAS H. CLARKE, JR. (SBN 47592)
DENNIS J. BYRNE (SBN 172618)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear St., Suite 1000
San Francisco, CA  94105
Telephone:     (415) 543-4800
Facsimile:     (415) 972 -6301

Attorneys for Plaintiff
PACIFIC GAS and ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC GAS and ELECTRIC COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>JESSE M. LANGE DISTRIBUTOR, INC., et al.<br><br>                    Defendant. | CASE NO.  2:05-CV-01180-DFL-KJM<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff PACIFIC GAS and ELECTRIC COMPANY ("PG&E") and defendants JESSE M. LANGE DISTRIBUTOR, INC. ("JML"), JOHN and REBECCA CROWSTON ("CROWSTON"), SHELL OIL COMPANY ("SHELL"), CENTER LAND COMPANY and CENTER LAND COMPANY OF TEXAS ("CLC"), and MICHAEL CURRY ("CURRY"), by and through the their respective attorneys of record, stipulate to entry of the following Protective Order for the production of Confidential Information requested by discovery or produced pursuant to F.R.C.P. 26(a)(1) in this litigation.

I. DEFINITIONS.

A.  The term "Confidential Information" shall mean information that has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories,

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership,

2  corporation, or other organization, the disclosure of which information may a) have the effect of

3  causing harm to the competitive position of the person, firm, partnership, corporation, or other

4  organization from which the information is obtained, or b) violate the privacy rights of the person,

5  firm, partnership, corporation, or other organization from which the information is obtained or

6  who provided that information to the person, firm, partnership, corporation, or other organization

7  making the disclosure.  Nothing contained in this definition shall be interpreted to be a waiver of

8  confidentiality or privacy established by State or Federal law.

9       B.  The term "The Parties" shall mean collectively PG&E, JML, CROWSTON, SHELL,

10  CLC, and CURRY.

11       C.  The terms "The Party" and "A Party" shall mean PG&E, JML, CROWSTON, SHELL,

12  CLC, or CURRY, as the case may be.  The term may also refer to each of The Parties

13  individually.

14  II.     If The Party producing a document, thing, material, testimony, or other information

15  derived therefrom believes in good faith that it is Confidential Information, then The Party will

16  cause the document, thing, material, testimony, or other information derived therefrom to be

17  stamped or marked "CONFIDENTIAL".  By designating a document, thing, material, testimony,

18  or other information derived therefrom as Confidential Information, The Party and its counsel are

19  certifying to the Court that there is a good faith basis both in law and in fact for the designation.

20  III.    The Parties shall assure that the CONFIDENTIAL stamp or label is copied or reproduced

21  so that the CONFIDENTIAL designation is apparent whenever The Parties cause a document,

22  thing, material, testimony, or other information derived therefrom so stamped or labeled to be

23  reproduced, scanned, or photographed.

24  IV.     The Confidential Information shall be maintained in confidence by The Parties, shall not

25  be disclosed for any purpose unrelated to this litigation without prior written consent of The Party

26  producing the Confidential Information, and shall be used solely for the purpose of this lawsuit,

27  including any appeal.  The Confidential Information shall not be disclosed to persons or entities

28  other than:

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

(a)  Counsel, including in-house counsel, counsel's staff, parties, employees of parties, and such other persons regularly employed by the parties, who are involved in or consulted with respect to the prosecution and/or defense of this action, including experts, consultants, and private investigators.  Said consultant(s), expert(s), or investigator(s) shall agree not to disseminate or utilize any Confidential Information for any purpose unrelated to this litigation.

(b)  Insurers, reinsurers, and auditors of any party.

(c)  Any non-expert person whose sworn testimony is taken or to be taken in this case, except that such person may only be shown Confidential Information during his or her testimony and in preparation therefore, and only to the extent necessary for providing such testimony.

(d)  The Court, jury, court or deposition reporters and any persons employed by the Court or reporters whose duties require access to any Confidential Information filed in connection with this action.

V.      Should Confidential Information be submitted to the Court, such submission shall conform to local Rule 39-141, unless otherwise agreed to in advance by counsel for The Party producing the Confidential Information.

VI.     A Party that has inadvertently produced a document, thing, material, testimony, or other information derived therefrom containing Confidential Information without a designation of "Confidential" may promptly upon discovery of the inadvertent error designate such a document, thing, material, testimony, or other information derived therefrom as "Confidential", and each party shall thereupon make a reasonable good faith effort to ensure that any analysis, memorandum, or notes that were internally generated based upon such Confidential Information is in the future treated in conformance with the designation of the document, thing, material, testimony, or other information derived therefrom as "Confidential".

VII.    Nothing in this Stipulated Order shall be construed to restrict the right of A Party to offer or use as evidence any of the Confidential Information, or be construed as a voluntary or involuntary waiver of any objection that might be raised at trial to the admissibility of any evidentiary material.

VIII.   At the conclusion of this lawsuit, The Parties agree to return or destroy, within thirty (30)

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  calendar days, all Confidential Information received by The Parties or their counsel; provided,

2  however, that The Parties' counsel shall be entitled to retain memoranda, pleadings, or any work-

3  product or privileged documentation derived from such Confidential Information reasonably

4  necessary to preserve a file.  Said file shall not be disclosed to any person other than those

5  identified by Paragraph IV, above.

6  IX.    Any person, other that the Court or its officers, to whom Confidential Information are

7  disclosed or supplied pursuant to paragraph IV shall be informed, prior to disclosure, of the nature

8  and scope if this Order, a form of which agreement is attached as Exhibit "A."

9  X.    The Parties shall attempt to agree upon procedures to protect at any hearing or trial the

10  confidentiality of the Confidential Information, and shall, before such hearing or trial, submit

11  such proposed procedures, including any disputes relating  thereto, to the Court for its approval or

12  modification.

13  XI.    This Order shall continue to be binding after the conclusion of this litigation except that A

14  Party may seek the written permission of The Party producing the Confidential Information or

15  further order of the Court with respect to dissolution or modification of this Order.  The Court

16  shall retain jurisdiction to enforce or modify this Order.

17  XII.  The court will approve this proposed protective order only with the following additional

18  provision:  Any document that is to be filed under seal must be accompanied by a motion to seal

19  that explains why redaction is not feasible and why the party's interest in confidentiality

20  outweighs the public interest in access to court records.   Only if the court grants the motion to

21  seal will the document be filed under seal.

22

23  Dated: October 10, 2006                    ROPERS, MAJESKI, KOHN & BENTLEY

24

25                                        By:_____

26                                             THOMAS H. CLARKE, JR.
                                             DENNIS J. BYRNE
27                                             Attorneys for Plaintiff
                                             PACIFIC GAS and ELECTRIC CO.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

SF/198074.1/SB6

STIPULATED PROTECTIVE ORDER

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

<u>**ORDER**</u>

**IT IS SO ORDERED.**

Dated:  10/10/2006

DAVID F. LEVI
United States District Judge

**IT IS SO STIPULATED.**

Dated: October 10, 2006                    ROPERS, MAJESKI, KOHN & BENTLEY


By:_____
    THOMAS H. CLARKE, JR.
    DENNIS J. BYRNE
    Attorneys for
    Plaintiff PACIFIC GAS and ELECTRIC
    CO.

Dated: October ____, 2006                  MORGAN, MILLER & BLAIR


By:_____
    JEOFFREY W. STEELE
    PATRICIA E. CURTIN
    Attorneys for
    CENTER LAND COMPANY, CENTER
    LAND COMPANY OF TEXAS, INC., and
    MICHAEL R. CURRY

Dated: October ____, 2006                  BULLIVANT HOUSER BAILY
                                           A Professional Corporation


By:_____
    KELLI L. TAYLOR
    SHAUNA MOYLAN
    Attorneys for
    JESSE LANGE DISTRIBUTORS, INC.,
    REBECCA CROWSTON, and JOHN P.
    CROWSTON

Dated: October ____, 2006                  MUNGER, TOLLES & OLSON, LLP


By:_____
    WILLIAM D. TEMKO
    PATRICK CAFFERTY
    Attorneys for
    SHELL OIL COMPANY

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

## ATTACHMENT A

**To the Stipulated Protective Order**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

CONFIDENTIALITY AGREEMENT

I, _____:

1. Am acting on behalf of _____ as a _____ in that litigation entitled PACIFIC GAS and ELECTRIC COMPANY v. JESSE M. LANGE DISTRIBUTOR, INC. ET AL.

2. Am aware that The Parties have entered into a Stipulated Protective Order regarding Confidential Information.  I have read and considered the Order in the form signed by the District Court, and agree to abide by its terms and conditions.

3. Agree that I will not discuss Confidential Information with any person not identified in Paragraph IV of the Stipulated Protective Order, including persons that work for the same company or organization that I do, unless and until said person has signed a confidentiality agreement as set forth in Attachment A of said Stipulated Protective Order.

4. Agree that I will not provide any Confidential Information to any person or entity, including persons that work for the same company or organization that I do, not identified in Paragraph IV of the Stipulated Protective Order unless and until said person or entity has signed a confidentiality agreement as set forth in Attachment A of said Stipulated Protective Order.


Dated: _____, 200__.


_____
Name:

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

SF/198074.1/SB6

- 8 -

STIPULATED PROTECTIVE ORDER